UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

STEPHEN DAVIS,

      Plaintiff,

v.

WAL-MART STORES, EAST, LP. ,
and MAURICE RIVERS,

      Defendants.

_____/

## DEFENDANTS, WAL-MART STORES EAST, LP., AND MAURICE RIVERS' JOINT NOTICE OF REMOVAL

Defendants, Wal-Mart Stores East, LP. ("Wal-Mart"), and Maurice Rivers', jointly, and by and through their undersigned counsel and pursuant 28 U.S.C. §§ 1332, 1441 and 1446(b)(1), and Rule 81(c) of the Federal Rules of Civil Procedure, removes to this Court the action filed in the 9th Judicial Circuit Court in and for Orange County, Florida, Case No. 50-2020-CA-8154-O, with full reservation of rights, exceptions and defenses, and in support thereof state:

## FACTUAL BACKGROUND

1. On August 13, 2020, Plaintiff commenced this action by filing a complaint against Wal-Mart, and Wal-Mart employee, Maurice Rivers, in the 9th Judicial Circuit in and for Orange County, Florida. *See* Pl.'s Initial Complaint attached as Ex. "A." Thereafter, Plaintiff filed his Amended Complaint which identifies the proper corporate defendant, Wal-Mart Stores East, L.P. *See* Amended Complaint attached as Ex. "B." The Amended Complaint is the operative Complaint.

2.      The initial Complaint was served on Wal-Mart on August 19, 2020. *See* Composite Service of Process Transmittal attached as Ex. "C." On August 24, 2020, the Complaint was served on Defendant, Maurice Rivers. *Id.*

3.      The Plaintiff's Amended Complaint against Wal-Mart and Wal-Mart employee, Maurice Rivers, are for claims sounding in negligence as a result of injuries which the Plaintiff allegedly sustained on November 27, 2019, arising from an incident at the subject Wal-Mart Store No. 4197 located in Orange County. *See* Ex. "B" at ¶ 5.

4.      Plaintiff alleges that he slipped on a slippery substance while at the subject Wal-Mart store in Orange County. *See* Ex. "B" at ¶ 5.

5.      As to Wal-Mart, Plaintiff alleges that Wal-Mart breached a duty owed to the Plaintiff by, including but not limited to, failing to maintain the store in a reasonably safe condition because it failed to remove the slippery substance from the floor. *See* Ex. "B" at ¶ 11.

6.      As for co-defendant, employee, Maurice Rivers, Plaintiff alleges in a conclusory fashion, and absent of any ultimate facts, that ***in his capacity as an employee and manager***, Maurice Rivers, owed and breached a duty to Plaintiff. *See* Ex. "B" at ¶ 16-18.

7.      Plaintiff specifically identifies Maurice Rivers as a manager for the subject Wal-Mart store. *See* Ex. "B" at ¶ 15.

8.      Plaintiff's Complaint ***fails to allege any facts indicating Maurice Rivers was actively negligent by actively participating*** in and committing any tort to cause Plaintiff's incident. Instead, the Plaintiff merely alleges Maurice Rivers is a manager at the store, owed and breached a duty to Plaintiff. There are no allegations within the Complaint, indicating that Maurice Rivers actively brought about Plaintiff's incident.

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

9.      As shown more fully below, it is evident that Plaintiff's Complaint **fails to allege any facts** that Maurice Rivers had any **active participation** and active involvement in the alleged incident. *See* Maurice Rivers' Declaration attached as Ex. "D."

10.      Rather, the Plaintiff joined Maurice Rivers to this lawsuit solely to destroy diversity jurisdiction.

11.      The Plaintiff is a resident of Seminole County. *See* Ex. "B" at ¶ 2. It is well-established that residency is *prima facie* evidence of domicile, which is equivalent to residency for purposes of diversity of citizenship.

12.      Further, Plaintiff alleges Maurice Rivers is also a resident of Orange County. *Id.* at ¶ 2. However, Maurice Rivers' citizenship should be disregarding when evaluating the diversity among the parties, on the basis that (as fully briefed below) Plaintiff has fraudulently jointed him solely to defeat diversity jurisdiction, and thus, Mr. Rivers should be dismissed form this action with prejudice.

13.      Furthermore, Plaintiff alleges **past medical bills total $199,647.05** as of June 15, 2020, which is the date that Plaintiff sent his **pre-suit demand letter offering to settle this claim for $950,000.00.** *See* Pre-suit Demand Letter attached as Ex. "E."

14.      This action is removable based on diversity of citizenship of the parties, and because the claimed amount in controversy is in excess of $75,000.00, exclusive of interest, attorneys' fees, and costs.

15.      Wal-Mart requests this Court disregard the citizenship of Maurice Rivers when determining that diversity jurisdiction exists in this case, and to dismiss Maurice Rivers as he did not actively participate in bringing about Plaintiff's incident, nor does the Amended Complaint

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

allege any facts indicating that Maurice Rivers actively participated in bringing about Plaintiff's incident.

16.     Wal-Mart attaches hereto and incorporates into this Notice a copy of the process, pleadings, and other papers filed in the 9th Judicial Circuit in and for Orange County, Florida together with a docket sheet from the Clerk of Court. *See* The state court docket filings are attached as Composite Ex. "F."

17.     Wal-Mart reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

## REMOVAL IS TIMELY

18.     In accordance with 28 U.S.C. § 1446(b)(1), Wal-Mart files this Notice of Removal within thirty (30) days of the date that it received a copy of Plaintiff's initial Complaint. Plaintiff's initial Complaint is the initial pleading setting forth the claim for relief upon which Plaintiff's action is based.

19.     The thirty (30) day period for removal commenced on August 19, 2020, when Plaintiff served her initial Complaint. Accordingly, this instant Joint Notice of Removal is timely filed.

20.     Prior to the service of Plaintiff's initial Complaint, Plaintiff sent Wal-Mart a written pre-suit demand outlining Plaintiff's claimed damages inclusive of actual medical expenses in connection with her alleged incident.

21.     Venue exists in the United States District Court for the Middle District of Florida, Orlando Division, because the 9th Judicial District in and for Orange County, where Plaintiff filed her state court Complaint is located in Orange County Florida, which is located within the United States District Court for the Middle District of Florida, Orange, Florida.

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

## DIVERSITY OF CITIZENSHIP

22.     Under 28 U.S.C. § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between – citizens of different States." This action satisfies the complete diversity of citizenship requirement of 28 U.S.C. § 1332(a)(1).

### A.  Citizenship of Wal-Mart Stores East, LP.

23.     At the time of the alleged incident, and currently, Wal-Mart Stores East, LP is a limited partnership which currently is, and was at the time of the Complaint, a Delaware Limited Partnership with its principal place of business in the State of Arkansas. *See SunBiz Report* attached as Ex. "G." WSE Management, LLC is the general partner and WSE Investment, LLC is the limited partner of Wal-Mart Stores East, LP. These are the only partners of Wal-Mart Stores East, LP. WSE Management, LLC and WSE Investment, LLC were at the time of filing the Complaint, and still are, Delaware limited liability companies. The sole member of WSE Management, LLC and WSE Investment, LLC is, and was at the time of filing the Complaint, Wal-Mart Stores East, LLC, an Arkansas Limited Liability Company. The sole member of Wal-Mart Stores East, LLC is, and was at the time of filing the Complaint, Wal-Mart Stores, Inc. Wal-Mart Stores Inc., is, and was at the time of filing the Complaint, an incorporated entity under the laws of the State of Delaware. Wal-Mart Stores Inc., at the time the Complaint was filed and presently, incorporated in the State of Delaware. The principal place of business for all of the above mentioned entities (Wal-Mart Stores East, LP; WSE Management, LLC; WSE Investment, LLC; Wal-Mart Stores East, LLC; and Wal-Mart Stores, Inc.) is, and was at the time of filing the Complaint, Bentonville, Arkansas.

### B.  Citizenship of Plaintiff, Stephen Davis

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

24.     Plaintiff, Stephen Davis, is a resident of Seminole County, Florida. *See* Ex. "B" at ¶ 2. Although Plaintiff's Amended Complaint does not specifically state Plaintiff's citizenship, "[i]t is well established that a party's residence is prima facie evidence of a party's domicile," and "[f]or purposes of diversity jurisdiction, a party's domicile is equivalent to his citizenship." *Katz v. J.C. Penney Corp.*, 2009 WL 1532129, *3 (S.D.Fla.) (Cohn, J) (internal citations omitted).

25.     Here, Plaintiff's Amended Complaint reveals that he is a resident of Seminole County. *See* Ex. "B" at ¶ 2. Plaintiff's Seminole County, Florida residence is prima facie evidence of her domicile which is equivalent to citizenship for purposes of establishing diversity in this case. *See Katz,* 2009 WL 1532129 at *3.

### C. Complete Diversity Between the Parties Exists Because Maurice Rivers Was Fraudulently Joined to Defeat Diversity Jurisdiction.

26.     The citizenship of co-defendant, Maurice Rivers, should be disregarded because he was fraudulently joined in an attempt to destroy otherwise valid diversity jurisdiction. *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011); *Henderson v. Wash. Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006); *Evelyne Petigny v. Wal-Mart Stores East, L.P.,* Case No. 18-23762-CIV-MORENO, ECF. No. 19,  (S.D. Fla. November 14, 2018); *Franco v. Wal-Mart Stores East, L.P.,* Case No. 16-20706-CIV-MORENO, ECF No. 17 (S.D. Fl. March 10, 2016).

27.     Courts routinely disregard the citizenship of fraudulently joined parties when determining whether diversity jurisdiction exists. *Stillwell v. Allstate Ins. Co.*, 663 F.3d at 1332. A defendant seeking to prove that a co-defendant was fraudulently joined must demonstrate by clear and convincing evidence either that: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently plead

jurisdictional facts to bring the resident defendant into the state court. *See Stillwell*, 663 F.3d at 1332; *Henderson*, 454 F.3d at 1281.

28.     The determination of whether the resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits submitted by the parties. *See Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998).

29.     The issue of whether there is no possibility the plaintiff can establish a cause of action against the resident defendant turns on whether liability can be imposed on the resident defendant. *Hunt v. Target Corp.*, Case No. 14-80266-CIV, 2014 U.S. Dist. LEXIS 54179, at *3-5 (S.D. Fla. Apr. 18, 2014); *Tynes v. Target Corp.*, Case No. 12-24302-CIV, 2013 U.S. Dist. LEXIS 40355, at *4-5 (S.D. Fla. Mar. 22, 2013). If a defendant shows that "there is no possibility that plaintiff can establish a cause of action against the resident defendant . . . the federal court must dismiss the non-diverse defendant and deny any motion to remand the matter back to state court." *Florence v. Crescent Resources, LLC,* 484 F.3d 1293, 1297 (11th Cir. 2007)

30.     Under Florida law, "a corporate agent or employee may not be held personally liable simply because of his general administrative responsibility or performance of some function of his employment – ***he or she must be actively negligent.***" *Id* (quoting *McElveen v. Peeler*, 554 So.2d 270, 272 (Fla. 1st DCA 1989); *see also Niurka De Varona v. Discount Auto Parts, LLC.*, 860 F. Supp. 2d 1344, 1348 (S.D. Fla. 2012) (quoting *Orlovsky v. Solid Surf.*, 405 So.2d 1363, 1364 (Fla. 4th DCA 1981) ("[i]t is well established under Florida law that ***[a store manager] does not incur personal liability for the corporation's tort merely by reason of the officer's official character***")).

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

31.     In *Tynes*, the plaintiff, a Florida citizen, filed a complaint in state court alleging negligence against Target Corporation, a Minnesota citizen, and an unnamed employee, John Doe, arising from a slip and fall incident inside a Miami Target store. *Tynes*, 2013 U.S. Dist. LEXIS 40355, at *1. The defendant removed the case seeking to invoke diversity jurisdiction. *Id* at *1. Plaintiff moved to remand the case because the plaintiff identified through discovery the identity of John Doe—Target employee Wilbert A. Hernandez—and claimed that he was a resident of Miami-Dade County. *Id* at *2. In denying plaintiff's motion to remand, the court found there was little possibility that the plaintiff could prove a cause of action for negligence against Mr. Hernandez because the plaintiff failed to allege any individual duty was owed or that the tort in question was committed in the store manager's individual capacity. *Id*. at *4-6.

32.     *In Niurka De Varona*, the plaintiff, a Florida citizen, filed a negligence claim against Advance Auto Parts, a Virgina Corporation. *Niurka De Varona*, 860 F. Supp. 2d at 1345. Plaintiff amended her complaint and named the store manager, a Florida resident, as a joint defendant asserting a separate count of negligence against the store manager. *Id.* Specifically, the plaintiff alleged the store manager had a duty to use ordinary care to maintain the store premises in a reasonable safe condition and was negligent by failing to remove the dangerous condition or warn the plaintiff of it. *Id.* Thereafter, the defendant removed the case arguing the citizenship of the store manager should be disregarded because he was fraudulently joined solely to avoid federal jurisdiction. *Id.* at 1346. In support of its notice of removal, Advance Auto Parts presented an affidavit from the store manager denying any personal responsibility for the plaintiff's incident, attesting that he was not in the parking lot when the alleged accident occurred, that he could not see the parking lot from his vantage point in the store, and that he had no knowledge of any hazardous condition in the parking lot on the date of the incident. *Id.* The

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

court denied the plaintiff's motion to remand the stating "plaintiff has provided no facts showing that [the store manager] played any role in her injuries" and that *a store manager does not incur personal liability for a corporation's torts merely by reason of the store manager's official title. See id.* (citing *Orlovsky*, 405 So. 2d at 1364).

33.     Similarly, in *Pritchard,* the court also denied plaintiff's motion to remand because the plaintiffs failed to point to any evidence in support of their claim that the store manager was actively negligent. *Pritchard v. Wal-Mart Stores, Inc.*, Case No. 8:09-cv-46, 2009 U.S. Dist. LEXIS 18593, at *7. In *Pritchard*, the plaintiffs filed suit against defendants Wal-Mart and one of its store manager in state court alleging claims of negligence and loss of consortium. *Id.* at *1. The plaintiffs alleged the store manager owed a duty to plaintiffs to exercise reasonable care in the maintenance, inspection, repair, warning, and mode of operation of the premises,[1] and the store manager breached those duties by acting negligently in falling to exercise reasonable care in the maintenance, inspection, repair, warning, and mode of operation of the premises. *Id*. Wal-Mart removed the case based upon diversity jurisdiction despite the Florida citizenship of the store manager pursuant to the fraudulent joinder doctrine. *Id*. Thereafter, the store manager filed a motion to dismiss based on fraudulent joinder. *Id*. The defendants submitted a declaration from the store manager, in which she stated she had no prior knowledge of the dangerous condition, and no one, including customers from her store, notified her of the dangerous condition prior to the plaintiff's incident. *Id*. at *2. Wal-Mart submitted evidence that the store manager was not personally involved in the incident at issue, and as such, the store manager could not be found to

---

[1] Under Florida law, negligent mode of operation claims based upon transitory foreign substances are no longer a viable cause of action since the enactment of Florida Statute section 768.0755. *See Pembroke Lakes Mall Ltd. v. McGruder*, 137 So. 3d 418 (Fla. 4th DCA 2014). To be clear, *Pritchard* did not involve a transitory foreign substance.

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

be actively negligent. *Id.* at \*3. The court agreed with Wal-Mart that the store manager was fraudulently joined as a defendant because the plaintiffs could not establish that the store manager was personally at fault for the plaintiffs' injuries as there was no evidence to support that the store manager was actively negligent. *Id.* The court denied the plaintiffs' motion to remand and granted the store manager's motion to dismiss. *Id.*

34.     Further, in *Evelyne Petigny v. Wal-Mart Stores East, L.P.,* and *Franco v. Wal-Mart Stores East, L.P.,* Judge Moreno dismissed the store employees who had been sued in their capacity as Wal-Mart managers on the basis that Plaintiff failed to allege any facts that the store managers were actively negligent (i.e. actively participated in braining about the plaintiff's incident. *See Evelyne Petigny v. Wal-Mart Stores East, L.P.,* Case No. 18-23762-CIV-MORENO, ECF. No. 19,  (S.D. Fla. November 14, 2018); *Franco v. Wal-Mart Stores East, L.P.,* Case No. 16-20706-CIV-MORENO, ECF No. 17 (S.D. Fl. March 10, 2016).

35.     In a similar case, *Edman v Wal-Mart,* the plaintiff alleged that she was struck in the back by a stock cart while she was shopping at a Wal-Mart store. *Edman v Wal-Mart Stores East, L.P.,* Case No. 9:19-CV-80356-DMM, at D.E. 20 and DE. 21, (S.D. Fla. May 6, 2019). The plaintiff sued both Wal-Mart and the store manager, Michael Gillespie. *Id.* The Honorable Judge Middlebrooks granted Michael Gillespie's Motion to dismiss [at D.E. 21] as the plaintiff's complaint failed to allege that Michael Gillespie actively participated in bringing about the Plaintiff's incident, and subsequently denied Plaintiff's Motion to Remand. *Edman v Wal-Mart Stores East, L.P.,* Case No. 9:19-CV-80356-DMM, at DE. 21, (S.D. Fla. May 6, 2019).

36.     Similarly, in *Roman v. Wal-Mart Stores East, L.P.,* Case No. 9:20-cv-80869-SMITH, at D.E. 10 (M.D. Fla. September 1, 2020), the court denied plaintiff's motion to remand and dismissed the store manager, Charles Coleman, from the lawsuit finding that he was

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

fraudulently joined to defeat diversity jurisdiction as the complaint failed to allege any facts that Charles Coleman actively participated in bringing about plaintiff's incident.

37.     In the instant case, although Maurice Rivers is an employee at the subject Wal-Mart store where the Plaintiff's incident allegedly occurred, there is no possibility that Plaintiff can prove a cause of action for negligence against him because he was not actively negligent and had no personal involvement in Plaintiff's incident. *See Niurka De Varona*, 860 F. Supp. 2d at 1347; *Pritchard*, 2009 U.S. Dist. LEXIS 18359, at *7; *Evelyne Petigny v. Wal-Mart Stores East, L.P.,* Case No. 18-23762-CIV-MORENO, ECF. No. 19,  (S.D. Fla. November 14, 2018); *Franco v. Wal-Mart Stores East, L.P.,* Case No. 16-20706-CIV-MORENO, ECF No. 17 (S.D. Fl. March 10, 2016); *Roman v. Wal-Mart Stores East, L.P.,* Case No. 9:20-cv-80869-SMITH, at D.E. 10 (M.D. Fla. September 1, 2020).

38.     Most importantly, Maurice Rivers did not commit or participate in Plaintiff's alleged tort, and did not play any role in Plaintiff's alleged injuries as he:

    a.     he did not witness Plaintiff's incident,

    b.     he did not personally participate in the events leading up to Plaintiff's alleged incident nor did he individually engage in tortious conduct,

    c.     he did not place the alleged slippery substance on the floor,

    d.     he did not have any knowledge of the alleged slippery substance on the floor on November 27, 2019, in the area of Plaintiff's incident immediately prior to same,

    e.     he did not observe the alleged slippery substance on the floor on November 27, 2019, in the area of Plaintiff's incident immediately prior to same,

    f.     he did not cause the alleged slippery substance to be on the floor on November 27, 2019, in the area of Plaintiff's incident immediately prior to same, and

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

g.     he had no knowledge pertaining to the identity of the individual who allegedly caused the alleged slippery substance to be on the floor. *See* Maurice Rivers Declaration attached as Ex. "D."

39.     Therefore, Maurice Rivers had no knowledge of the alleged dangerous condition prior to Plaintiff's incident, and had no involvement therewith. *See id.; see also Niurka De Varona*, 860 F. Supp. 2d at 1347; *Pritchard*, 2009 2009 U.S. Dist. LEXIS at *7; *Evelyne Petigny v. Wal-Mart Stores East, L.P.,* Case No. 18-23762-CIV-MORENO, ECF. No. 19,  (S.D. Fla. November 14, 2018); *Franco v. Wal-Mart Stores East, L.P.,* Case No. 16-20706-CIV-MORENO, ECF No. 17 (S.D. Fl. March 10, 2016); *Roman v. Wal-Mart Stores East, L.P.,* Case No. 9:20-cv-80869-SMITH, at D.E. 10 (M.D. Fla. September 1, 2020).

40.     Essentially, Plaintiff has sued Maurice Rivers because Plaintiff has discovered he was an employee at the store on the day of the incident. As discussed above, this is contrary to Florida law.

41.     This is particularly event in light of the fact that Plaintiff's Complaint ***fails to allege any facts indicating Maurice Rivers was actively negligent by actively participating*** in and committing any tort to cause Plaintiff's incident. Instead, the Plaintiff merely alleges Maurice Rivers was a manager at the store, yet to fails to allege that Mr. Rivers actively participated in bringing about Plaintiff's incident.

42.     After disregarding the fraudulently joined Defendant (i.e Maurice Rivers), there can be no dispute that the citizenship of the Parties is diverse.

## AMOUNT IN CONTROVERSY

43.     The amount in controversy exceeds $75,000.00. Although Plaintiff's Complaint does not specify an amount in controversy other than the state court jurisdictional minimum, it is

clear from Plaintiff's pre-suit demand that her claimed damages exceeds the jurisdictional minimum in this Court of $75,000.00. *See Katz v. J.C. Penney Corp., Inc.*, 2009 WL 1532129, *5 (S.D. Fla. June 1, 2009) (concluding the defendant met its jurisdictional burden of establishing the amount in controversy based on information received from the plaintiffs in the pre-suit demand package); *see also Mick v. De Vilbiss Air Power Co.,* No. 6:10-CV-1390-ORL, 2010 WL 5140849, at *1 (M.D. Fla. Dec. 14, 2010)  (discussing pre-suit demand letters are competent evidence of the amount in controversy.).

44.      Where, as here, a Plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

45.      "In the Eleventh Circuit, a district court may consider the complaint and any later received paper from the plaintiff as well as the notice of removal and accompanying documents when deciding upon a motion to remand." *Katz,* 2009 WL 1532129, at *4 (S.D. Fla. June 1, 2009) (citing *Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1213-1214 (11th Cir. 2007)). "Additionally, a district court may consider evidence outside of the removal petition if the facts therein existed at the time of removal." *Id* (citing *Williams v. Best Buy Co.,* 269 F.3d 1316, 1320 (11th Cir. 2001) and *Sierminski v. Transouth Financial Corp.,* 216 F.3d 945, 949 (11th Cir. 2000)). "Therefore, pre-suit settlement offers and demands may be considered in evaluating whether a case has been properly removed." *Id*.

46.      In the present case, the relevant portions of Plaintiff's $950,000.00      pre-suit demand conclusively establish that the amount in controversy exceeds the $75,000.00

jurisdictional minimum. ***Notably, Plaintiff's medical bills totaled $199,647.05 as of June 15, 2020***. *See Ex.* "E."

47.      Admittedly, Plaintiff demanded $950,000.00 to settle her claims which are inclusive of past medical expenses; future medical expenses and care; and pain and suffering. *Id.*

48.      Additionally, Plaintiff alleges damages for mental anguish, and loss of capacity for the enjoyment of life. *See* Ex. "B" at ¶ 11.

49.      These representations sufficiently and conclusively establish by a preponderance of the evidence that the amount in controversy exceeds the requisite $75,000.00 jurisdictional minimum for this Court to retain jurisdiction. Numerous decisions from the Southern District of Florida support this conclusion.

50.      For example, in *Katz v. J.C. Penney Corp.*, *supra*, the court concluded that the removing defendant properly established the amount in controversy by addressing through affidavit information received from Plaintiff's pre-suit demand package. The court specifically noted it was persuaded that the pre-suit demand package reflected an honest assessment of damages by plaintiffs because, like Plaintiff's pre-suit demand letter, it was based on medical records provided by the plaintiff. *See Katz v. J.C. Penney Corp., Inc*., 2009 WL 1532129, *5 (S.D. Fla. June 1, 2009).

51.      District courts have found that the amount in controversy is satisfied by a showing that Plaintiff's pre-suit demand letter demonstrates Plaintiff's past medical bills exceed $75,000.00. For example, in *Stramiello v. Petsmart, Inc*., 2010 WL 2136550, at *3 (M.D. Fla. 2010), the court determined the defendant established its burden of proving the amount in controversy exceeded $75,000.00 where the plaintiff's medical bills alone totaled $108,351.92 and plaintiff alleged that his injuries were permanent and she would "surely seek recovery of

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

future medical expenses and significant pain and suffering damages." *Id.* The court found the defendant established complete diversity and that the amount in controversy exceeded the minimum jurisdictional requirement; therefore, the court denied the plaintiff's motion to remand. *Id.* at *5.

52.     Additionally, in *Wilson v. Target Corp.,* the plaintiff submitted a     pre-suit demand letter indicating she had incurred over $100,000.00 in past medical expenses and would incur additional $1 million dollars in future medical expenses as a result of his incident. *Wilson V. Target Corp.,* 2010 WL 3632794, at *4 (S.D. Fla. 2010). Although the plaintiff's complaint did not specify the exact amount of damages she bought, but only plead that her damages were in excess of $15,000.00, the court denied plaintiff's motion to remand finding plaintiff's pre-suit demand letter and unspecified damages in his complaint were sufficient to demonstrate by a preponderance of the evidence that the amount in controversy exceeded $75,000.00. *Id.* [2]

53.     Here, Plaintiff's pre-suit demand letter which estimates Plaintiff's damages to be nine hundred fifty thousand dollars ($950,000.00) is an honest assessment of her claimed damages as it is based on Plaintiff's past medical bills of $***199,647.05,*** as well as Plaintiff's alleged injuries and future medical care expenses. *See Katz,* 2009 WL 1532129 at 4.

54.     Like *Stramiello* and *Wilson,* Plaintiff's pre-suit demand letter includes medical expenses incurred by the Plaintiff which exceed $75,000.00, in addition to medical records which indicate the plaintiff will incur future medical expenses for medical care. *Wilson,* 2010 WL 3632794, at *4; *Stramiello,* 2010 WL 2136550, at *3. This evidence demonstrates the Plaintiff's claimed damages in the instant case far exceed $75,000.00. Accordingly, Wal-Mart

---

[2] The court also considered plaintiff's refusal to admit or deny that damages exceeded $75,000.00 as evidence regarding the amount in controversy.

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

has shown by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum, rendering removal proper.

55.     In addition to past future medical expenses, Plaintiff's Amended Complaint claims damages for pain and suffering, loss of capacity for the enjoyment of life, and aggravation of prior injuries. Furthermore, Plaintiff also alleges her losses are permanent or continuing and she will suffer further loss into the future. *See* Ex. "B."

56.     Based upon the pertinent case law above, Wal-Mart has conclusively established by a preponderance of the evidence the amount in controversy is satisfied based upon (1) Plaintiff's $950,000.00 pre-suit demand letter and accompanying medical records and bills which total $***199,647.05***, as well as (2) Plaintiff's claim for damages for pain and suffering, loss of capacity for the enjoyment of life and aggravation of prior injuries. *See Wilson,* 2010 WL 3632794, at *4; *Stramiello,* 2010 WL 2136550, at *3; *Katz,* 2009 WL 1532129, *4.

57.     The representations made in Plaintiff's Amended Complaint, medical records/bills and pre-suit demand letter together sufficiently and conclusively establish by a preponderance of the evidence that the amount in controversy exceeds the requisite $75,000.00 jurisdictional minimum for this Court to retain jurisdiction. Accordingly, Wal-Mart has shown by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum, rendering removal proper.

## V. <u>CONCLUSION</u>

This action is removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 because there exists complete diversity in this matter as the Plaintiff and Wal-Mart are citizens of different states, and the amount in controversy exceeds $75,000.00 exclusive of interest, fees, and costs. Upon filing of this Notice of Removal,          Wal-Mart will promptly give written notice to

Plaintiff, through her attorneys of record, and the Clerk of the Circuit Court for the 9th Judicial Circuit in and for Orange County, Florida.

**WHEREFORE**, Defendant, WAL-MART STORES EAST, L.P., ("Wal-Mart"), respectfully requests the Notice of Removal be accepted as good and sufficient as required by law, and that the aforesaid action on the docket of the Court for the 9th Judicial Circuit in and for Orange County, Florida, be removed from that Court to the United States District Court for the Middle District of Florida, Orlando Division, and that this Court assume full and complete jurisdiction thereof and issue all necessary orders and grant all general equitable relief to which Wal-Mart is entitled.

Dated: September 18, 2020

Respectfully submitted,

/s/ Patricia Concepcion
Jerry D. Hamilton
Florida Bar No.: 970700
jhamilton@hamiltonmillerlaw.com
William H. Edwards
Florida Bar No. 43766
wedwards@hamiltonmillerlaw.com
Patricia Concepcion
Florida Bar No. 109058
pconcepcion@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200
Miami, Florida 33131
Telephone: (305) 379-3686
*Attorneys for Defendant, Wal-Mart*

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 18, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing is being served this day on all counsel of record or *pro se* parties identified on the following Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of Electronic Filing.

/s/ Patricia Concepcion
Patricia Concepcion, Esq.

## SERVICE LIST

Brian M. Davis
Trial Pro, P.A.
Florida Bar No: 884650

250 N. Orange Avenue, 14th Floor Orlando, Florida 32801
Telephone: (407) 300-0000
Brian@TrialPro.com
Lisa@TrialPro.com
Attorney for Plaintiff

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690