IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT, IN AND FOR ORANGE COUNTY, FLORIDA

CASE NO: 2020-CA-8154-O

STEPHEN DAVIS,

    Plaintiff,

vs.

WAL-MART STORES EAST, L.P.,
and MAURICE RIVERS,

    Defendants.

_____/

## AMENDED COMPLAINT

COMES NOW, the plaintiff, through undersigned counsel, and sues the defendants and alleges:

1. This is an action for damages in excess of Thirty Thousand and no/100 Dollars ($30,000), exclusive of costs, interest, and attorneys' fees.

2. At all material times, the plaintiff was a resident of Seminole County, Florida.

3. At all material times, the defendant WAL-MART STORES EAST, L.P., was a corporation licensed to do business within the State of Florida.

4. At all material times, defendant MAURICE RIVERS was a resident of Orange County, Florida.

5. On or about November 27, 2019, the plaintiff was an invitee in the defendant's retail store located at Lee Road in Orange County, Florida, when he slipped on a slippery substance on the floor and fell to the ground.

6. The defendant's operating procedures were such that such rules and procedures created the likelihood of individuals becoming injured on the premises, and such procedures failed to include actions to eliminate risks to employees or other individuals in the first instance.

7. As a result of the above described incident, the plaintiff sustained injuries and other damages detailed below.

## COUNT I: NEGLIGENCE- WAL-MART STORES EAST, L.P.

The plaintiff re-alleges Paragraphs 1 through 7 and further alleges:

8. The defendant, as owner, operator, and entity in possession and control of the premises had the following non-delegable duties to the plaintiff and other individuals at the Defendant's premises:

   a. Maintaining the premises in a reasonably safe condition to avoid injury to the plaintiff and other customers or invitees; and

   b. Inspecting the premises and warn the plaintiff of dangerous conditions, including the one previously alleged, it knew or should have known existed on its property creating an unreasonable risk to the plaintiff; and

9. The defendant negligently breached the aforementioned duties by:

   a. Creating the condition which caused plaintiff's injury;

   b. Failing to timely and properly inspect the premises for potentially dangerous or unsafe conditions, including the one previously alleged;

   c. Failing to warn the plaintiff of unreasonably dangerous condition; and

   d. Failing to maintain the premises in a reasonably safe condition.

10. The dangerous condition that caused the plaintiff's injury should have been anticipated by defendant so that the defendant either knew, or under the exercise of reasonable care should have known, the dangerous condition existed. Nonetheless, the defendant did not take appropriate corrective steps to remedy the condition.

11. As a proximate result of the defendant's negligence, the plaintiff suffered injury and resulting pain and suffering, aggravation of a pre-existing condition, disability, loss of the capacity of the enjoyment of life, medical care and treatment expense, loss of earnings, and loss of ability to earn money. The losses are either permanent or continuing, and the plaintiff will continue to suffer losses in the future.

WHEREFORE, the plaintiff demands judgment for damages in excess of $30,000 against the defendant together with litigation costs, and the plaintiff demands a jury trial.

### COUNT II:   NEGLIGENT MODE OF OPERATION-WAL-MART STORES EAST, L.P.

The plaintiff re-alleges Paragraphs 1 through 7 and further alleges:

12. The defendant, as owner, operator, and entity in control of the work being performed at the above-mentioned store had the following non-delegable duties:

   a. Implementing policies, methodology, and procedures so as not cause or contribute to the creation dangerous conditions; and

   b. Implementing policies, methodology, and procedures designed to prevent the creation or continued existence of dangerous conditions.

13. The defendant breached the aforementioned duties by:

   a. Implementing policies, procedures, and methodology which foreseeably caused or contributed to the existence of the dangerous condition described above; and

   b. Failing to implement policies, procedures, and methodology designed to prevent injury to employees or other individuals in the first instance.

14. As a direct and proximate result of the defendant's negligence, the plaintiff suffered injury and resulting pain and suffering, aggravation of a pre-existing condition, disability, loss of the capacity of the enjoyment of life, medical care and treatment expense, loss of earnings, and loss of ability to earn money. The losses are either permanent or continuing and the plaintiff will suffer losses in the future.

WHEREFORE, the plaintiff demands judgment for damages in excess of $30,000 against the defendant together with litigation costs, and the plaintiff demands a jury trial.

### COUNT II – NEGLIGENCE OF MAURICE RIVERS

Plaintiff re-alleges Paragraphs 1 through 7 above and further alleges:

15. As the manager of the premises on the aforementioned date of loss, the defendant, individually, had the following non-delegable duties to the plaintiff and other individuals at the Defendant's premises:

      a.    Maintaining the premises in a reasonably safe condition to avoid injury to the plaintiff and other customers or invitees; and

      b.    Inspecting the premises and warn the plaintiff of dangerous conditions, including the one previously alleged, it knew or should have known existed on its property creating an unreasonable risk to the plaintiff; and

16.    The defendant negligently breached the aforementioned duties by:

      a.    Creating the condition which caused plaintiff's injury;

      b.    Failing to timely and properly inspect the premises for potentially dangerous or unsafe conditions, including the one previously alleged;

      c.    Failing to warn the plaintiff of unreasonably dangerous condition; and

      d.    Failing to maintain the premises in a reasonably safe condition.

17.    The dangerous condition that caused the plaintiff's injury should have been anticipated by defendant so that the defendant either knew, or under the exercise of reasonable care should have known, the dangerous condition existed. Nonetheless, the defendant did not take appropriate corrective steps to remedy the condition.

18.    As a proximate result of the defendant's negligence, the plaintiff suffered injury and resulting pain and suffering, aggravation of a pre-existing condition, disability, loss of the capacity of the enjoyment of life, medical care and treatment expense, loss of earnings, and loss of ability to earn money. The losses are permanent and continuing, and plaintiff will continue to suffer losses in the future.

      WHEREFORE, the plaintiff demands judgment for damages in excess of $30,000 against the defendant together with litigation costs, and the plaintiff demands a jury trial.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 2, 2020, a true and correct copy of the foregoing was electronically served via electronic mail to Jerry D. Hamilton, Esq., William Edwards, Esq. and Patricia Concepcion, Esq. at jhamilton@hamiltonmillerlaw.com; wedwards@hamiltonmillerlaw.com; pconcepcion@hamiltonmillerlaw.com; vbain@hamiltonmillerlaw.com and lejverett@hamiltonmillerlaw.com.

/s/ Brian M. Davis
**Brian M. Davis**
Trial Pro, P.A.
Florida Bar No: 884650
250 N. Orange Avenue, 14th Floor
Orlando, Florida 32801
Telephone: (407) 300-0000
**Primary E-Mail Designations:**
Brian@TrialPro.com
Lisa@TrialPro.com
Attorney for Plaintiff