# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**STEPHEN DAVIS,**

      **Plaintiff,**

**v.**                                                                            Case No:   6:20-cv-1717-Orl-31DCI

**WAL-MART STORES, EAST, LP and**
**MAURICE RIVERS,**

      **Defendants.**

## ORDER

This matter is before the Court on Plaintiff's Motion to Remand (Doc. 16) and Defendants' Response in Opposition (Doc. 17).

This is a slip and fall case originally filed in state court. In his Complaint (Doc. 1-2), Plaintiff sued both Wal-Mart, the premises owner, as well as its store manager at the time of the incident. Wal-Mart removed the case to this Court contending that the non-diverse store manager was fraudulently joined as a party defendant. (Doc. 1).

The Complaint contains various allegations of direct negligence by the store manager (Doc. 1-2, ¶¶ 15-18). Florida law recognizes that the premises owner and its manager may each be independently liable in a premises liability action. *Orlovsky v. Solid Surf, Inc.*, 405 So. 2d 1363, 1364 (Fla. 4th Dist. Ct. App. 1981); *see also White v. Wal-Mart Stores, Inc.*, 918 So. 2d 357, 358 (Fla. 5th Dist. Ct. App. 2005) (alleging negligent failure to carry out responsibilities in managing store sufficient to state a claim). If there is any possibility that the state law might plausibly impose liability on a resident defendant under the circumstances alleged in the Complaint, this

Court cannot find that Defendant's joinder was fraudulent.[1] *Florence v. Crescent Resources, LLC*, 484 F.3d 1293, 1298-99 (11th Cir. 2007) (holding that any ambiguity or doubt as to the substantive state law must favor remand to state court).

Accordingly, it is **ORDERED** that Plaintiff's Motion to Remand (Doc. 16) is **GRANTED** and this case is hereby **REMANDED** to the Circuit Court in Orange County, Florida.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on October 30, 2020.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

---

[1] Defendants assert that Maurice Rivers' declaration establishes fraudulent joinder here. The affidavit only states that Rivers did not directly cause the alleged dangerous conditions and that he lacked knowledge of those conditions. (Doc. 1-5 at 103-04). Plaintiff's Complaint alleges that Rivers failed "to timely and properly inspect the premises for potentially dangerous or unsafe conditions" and either knew or should have known of the alleged dangerous condition. (Doc. 1-2, ¶¶ 16-17). That claim does not require Rivers to cause or have knowledge of the dangerous condition. The affidavit does not speak to the allegation that Rivers failed to carry out his responsibility in managing the store. *See White*, 918 So. 2d at 358.